## SMITH v. THE STATE.

CRIMINAL LAW. *Special venire. Sheriff entitled to fifteen cents for summoning each juror. Costs.* In all cases during the term of a court, if a special venire is required for the trial of a cause, and one is ordered by the court, the sheriff is entitled to a compensation of fifteen cents for each juror summoned.

Code cited: 4564.

NICHOLSON, C. J., delivered the opinion of the court.

In making out the bill of costs in this case, the clerk has taxed the State with $8.55 to the sheriff for summoning fifty-seven jurors at fifteen cents each.

The question raised is, whether this is a legal charge under the statute. The prisoner was indicted

for murder in the first degree, and a panel of fifty-seven jurors was ordered according to law for his trial. The Code, sec. 4564, gives to the sheriff "for special *venire,* by order of court, for each juror fifteen cents." Was the panel ordered in this case a special *venire?*

We find no provision made for paying sheriffs for summoning the regular jurors appointed to attend during the term of the Circuit or Criminal Courts. This service is compensated by giving them fifteen cents for "summoning and empanelling a jury, in each case in which a jury is sworn." Then follows the provision under consideration: "For special *venire* by order of court, each juror fifteen cents." The only meaning we can attach to this language is, that in all cases, during the term of a court, if a special *venire* is required for the trial of a cause, and one is ordered by the court, the sheriff is entitled to a compensation of fifteen cents for each juror summoned.

The ordering of a *venire* on the trial of a felony falls directly within the language of the law and is embraced thereby. Whenever a felony is called for trial a special, and not the regular, *venire* becomes necessary, and must be summoned *instanter.* We do not see that there is any objection in reason or in justice to allowing compensation for this service. The sheriff is allowed twenty-five cents for summoning each witness. Why he should not be allowed fifteen cents for performing the like service in summoning a juror we cannot understand.

In practice, the summoning of a special *venire* is

State *v.* Frazier.

frequently a laborious service, especially in causes which have excited much public. interest in countries sparsely populated, and especially under the modern mode of sensational accounts of crimes given in the newspapers.

The fact that it adds largely to the costs in criminal cases is not a matter for our consideration, except so far as it should quicken our vigilance in seeking for the true meaning of the statute. When this meaning is plain as in this case, we have only to declare the law. Let the allowance made by the clerk stand.